UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>             Petitioner,<br><br>     v.<br><br>GENA JONES,<br><br>             Respondent. | Case No.  2:24-cv-02462-JDP (HC)<br><br>**ORDER**<br><br>DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION, FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND<br><br>ECF No. 1<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>ECF No. 3 |

Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 1.  It appears, however, that the claims raised therein do not attack the validity of his conviction and, instead, should be brought under section 1983.  I will grant petitioner leave to amend to indicate what type of case he wants to bring.  Depending on that decision, petitioner must also pay the filing fee associated with the action he wishes to pursue.  The amount of the filing fee owed differs depending on whether a habeas petition or a section 1983 action is filed.  I will also recommend that petitioner's motion for preliminary injunction be denied for the reasons stated below.

1    The petition is before me for preliminary review under Rule 4 of the Rules Governing
2    Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine
3    the habeas petition and order a response to the petition unless it "plainly appears" that the
4    petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);
5    *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

6    Petitioner filed this action on a habeas form, but his allegations concern the misconduct of
7    prison guards at the California Health Care Facility in July 2024.  ECF No. 1 at 3.  As such, I
8    cannot tell what petitioner's intention is.  If he wishes to attack the sufficiency of his conviction,
9    which allegedly occurred in 1996, *id.* at 2, then he must describe why that conviction is
10   insufficient and also why an attack on it is timely.  By contrast, if petitioner wishes to bring a
11   section 1983 claim for violation of his constitutional rights, he must specifically identify what
12   rights were violated and file his complaint on a section 1983 form.  As such, I will give petitioner
13   leave to amend to confirm what type of case he wishes to purse.

14   I will recommend that petitioner's motion for a preliminary injunction be denied.  As an
15   initial matter, the uncertainty created by petitioner's claims and his use of the habeas form
16   preclude a finding that he is likely to succeed on the merits.  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20
17   (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
18   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
19   balance of equities tips in his favor, and that an injunction is in the public interest.").  Neither has
20   plaintiff discussed the other *Winter* factors.  He may refile his motion for preliminary injunction
21   once he has identified the type of action he wishes to pursue, discussing the foregoing factors in
22   that context.

23   Accordingly, it is hereby ORDERED that:

24   1.  The Clerk of Court is directed to assign a district judge to this action.

25   2.  The Clerk of Court shall send petitioner a habeas form and a section 1983 form with
26   this order.  Plaintiff must return only one of them, depending on the type of action he wishes to
27   pursue.

28   3.  The Clerk of Court shall also send petitioner an IFP application form.  Petitioner must

submit either the completed application or the filing fee associated with whatever action he chooses to pursue.

Further, it is RECOMMENDED that petitioner's motion for preliminary injunction, ECF No. 3, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 16, 2024            _____
                                       JEREMY D. PETERSON
                                       UNITED STATES MAGISTRATE JUDGE

3