UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GINA JONES, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-2462-KJM-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff has filed a complaint, ECF No. 6, and a request to proceed *in forma pauperis*, ECF No. 7.  However, plaintiff is a "Three-Striker" within the meaning of Title 28 U.S.C. § 1915(g).[1]  *See Kelly v. Sao*, No. 1:19-cv-00681-LJO-BAM (E.D. Cal. May 19, 2019) (recognizing plaintiff as a "three-striker" within in the meaning of 28 U.S.C. § 1915(g)); *Kelly v. Bandaru*, 2:23-cv-1161-DJC-JDP (E.D. Cal. June 27, 2024) (same).

　　　　The court takes judicial notice of the following cases constituting strikes: (1) *Kelly v. Youngblood*, No. 2:04-cv-2462-WBS-DAD (E.D. Cal. Dec. 29, 2004) (dismissed for failure to exhaust administrative remedies clear from the face of complaint); (2) *Kelly v. Gyorkey*, No. 2:11-

---

[1] Plaintiff indicates in his complaint that he has filed only one other lawsuit, 2:08-cv1823. *See* ECF No. 6 at 2.  However, court records demonstrate that plaintiff has filed at least fifteen civil actions in this district.  Plaintiff is encouraged to exercise candor with the court in his future filings.

1

1    cv-2142-WBS-EFB (E.D. Cal. Aug. 6, 2012) (dismissed for failure to state a claim); (3) *Kelly v.*
2    *Elit*, No. 1:18-cv-0019-DAD-SAB (E.D. Cal. June 25, 2018) (dismissed for failure to state a
3    claim); (4) *Kelly v. Islam*, No. 1:18-cv-0018-DAD-JDP (E.D. Cal. Dec. 4, 2018) (dismissed for
4    failure to prosecute, following a screening order dismissing complaint for failure to state a claim).

5          Despite being a "three-striker," a plaintiff may be afforded an opportunity to proceed *in*
6    *forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he
7    filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53
8    (9th Cir. 2007).  "Imminent danger" requires an allegation that a harm is "ready to take place," or
9    "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered
10   solely by complaints of past injury or generalized fears of possible future harm."  *Hernandez v.*
11   *Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing
12   *Cervantes*, 493 F.3d at 1053).

13         The complaint alleges that on July 19, 2024, correctional officer Chinne called out to
14   plaintiff, "[f]uck you Kelly, Get the Fuck out of here, Kelly shut the Fuck up and Kelly I want to
15   fuck you."  ECF No. 6 at 3.  Several days later, defendant Segreant Tennis came to plaintiff's cell
16   to ask if he planned to report for work (plaintiff was working as a porter at the time).  *Id.*  Plaintiff
17   explained to Tennis that he would not report for work because he was afraid of being a victim of
18   Chinne's comments.  Plaintiff asked Tennis to call Prison Rape Elimination Act for him.  Tennis
19   never called PREA, but plaintiff did so on his own.  *Id.*

20         Plaintiff's allegations are insufficient to demonstrate that he faced imminent danger of
21   physical injury at the time he filed the complaint.  *See Valles v. Att'y Gen. of U.S.*, No. 22-CV-
22   1375-TWR (BGS), 2023 WL 3637028, at *4 (S.D. Cal. May 24, 2023) (noting that even if the
23   plaintiff had included sexual assault allegations in his complaint, those allegations would likely
24   not have sufficiently established an "imminent danger"); *Boggs v. Trombal*, No. 2:20-CV-01012-
25   KJD-EJY, 2021 WL 262613, at *2 (D. Nev. Jan. 8, 2021) (finding the plaintiff's allegations that a
26   defendant sexual assaulted him and that another defendant threatened his life the next day "do[es]
27   not demonstrate an imminent danger of serious physical injury at the time [the p]laintiff filed his
28   [c]omplaint more than a month later").  More fundamentally, plaintiff has not alleged any facts

2

1  demonstrating he was subjected to physical harm.  While defendant Chinne's comments are
2  certainly troubling, they do not rise to the level necessary to satisfy the imminent danger
3  exception to the PLRA.

4      Plaintiff's application for leave to proceed *in forma pauperis* must therefore be denied
5  pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed with
6  this action.

7      Accordingly, it is RECOMMENDED that plaintiff's application to proceed *in forma*
8  *pauperis*, ECF No. 7, be DENIED and plaintiff be directed to tender the filing fee within thirty
9  days of any order adopting these recommendations.

10      These findings and recommendations are submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
15  objections shall be served and filed within fourteen days after service of the objections.  The
16  parties are advised that failure to file objections within the specified time may waive the right to
17  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
18  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19
20  IT IS SO ORDERED.

21
22  Dated:   December 3, 2024        _____
            JEREMY D. PETERSON
23          UNITED STATES MAGISTRATE JUDGE

3